**Alvin Lee HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 48796 and 48797.**

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Elmo R. Willard, III, Beaumont (Court appointed), for appellant.

Tom Hanna, Dist. Atty. and John R. De Witt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

In Cause No. 48,796, appellant appeals from an order revoking probation wherein he was convicted of the offense of burglary with intent to commit theft. Punishment was assessed at five (5) years. In Cause No. 48,797, appellant was convicted by a jury of the offense of burglary with intent to commit theft, and they assessed his punishment at twelve (12) years.

These appeals were previously abated in a per curiam opinion delivered July 2, 1974. Because we conclude that these appeals must again be abated, we will discuss some of the steps in the appellate process which are necessary to our decision.

The record reflects that the appellant's court-appointed counsel filed a brief in the trial court on March 19, 1974, in which he concluded that the appeals were wholly frivolous. On April 17, 1974, the careful trial judge held a hearing. At that time appellant was personally handed a copy of his counsel's brief, was told by the trial judge that he would be given ample opportunity to review the appellate records, and was given until May 7, 1974, in which to file any pro se briefs. The records reached this Court on May 21, 1974, without appellant having filed any pro se briefs. On July 2, 1974, we abated the appeals because we found that court-appointed counsel's briefs did not meet the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in that they failed to refer to anything in the record which might arguably support the appeals.

On August 12, 1974, appellant's court-appointed counsel filed a brief in each of these appeals which appears to comply with our opinion of July 2. However, there is nothing before us to show that copies of the August 12 briefs have been delivered to appellant, that appellant has again been given an opportunity to examine the appellate records in light of these briefs, or that appellant has been given an opportunity to file pro se briefs after reviewing court-appointed counsel's briefs of August 12.

Consequently, we must again abate these appeals so that full compliance with Anders v. California, supra, may be met. See also the procedure recommended by this Court in Gainous v. State, 436 S.W.2d 137 (Tex. Cr.App.1969).

For the above stated reasons, the appeal is abated.

DOUGLAS, Judge (dissenting).

These are appeals from convictions for the offense of burglary with intent to commit theft and from an order revoking probation. The burglary case will be discussed first.

The appeal was abated by this Court because appointed counsel on appeal did not set forth in his brief any grounds that might be argued for reversal under the authority of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and Gainous v. State, 436 S.W.2d 137. The appellant was furnished a copy of the first appellate brief and was given an opportunity to file his personal or pro se brief, but he did not do so. After the appeal was abated, counsel filed another brief setting out a purported arguable ground of error which he could not in good faith contend amounted to reversible error. Counsel, with some difficulty with his conscience, contended that the court erred in admitting records of a prior conviction in which appellant had received probation for the offense of burglary with intent to commit theft. There was no objection when the records were offered. One of the many reasons for no objection could be that the appellant had testified that he was on probation before they were offered.

Two officers testified that at approximately 2:15 o'clock in the morning the appellant and another were caught inside a closed beer parlor. They were arrested and handcuffed at the scene. Entry had been gained by breaking a window. The evidence of guilt was overwhelming.

Appellant testified that at approximately twelve o'clock the night in question he was at the Parkerson home when Johnell Robinson and Eddie Traylor came by and started talking about committing a burglary and, "I told them that I had a five-year probation and I didn't want to get into any more trouble. I wanted to get this five-year probation off of me." He further related that Robinson and Traylor left at about 1:30 and that he started home. He stated that two officers drove up in a police car, handcuffed him and drove him to the beer parlor in question and that he was later charged with the burglary.

At the penalty stage of the trial, several witnesses testified that appellant's reputa-

tion as a peaceable, law-abiding citizen was bad.

In an apparent attempt to gain the sympathy of the jury, appellant testified that he had eleven brothers and sisters. He related that he had been sent as a juvenile to Gatesville when he was ten years of age and stayed some six months. He went back to Gatesville when he was twelve and stayed nine months. He went there twice more by the time he was fifteen years of age. He had been on probation for burglary for a few months before the date in question, and he was in jail charged for the present offense on his eighteenth birthday.

The entire record has been searched and it contains no error. Counsel complied with the decision of the Supreme Court of the United States in Anders, supra.

Even though his arguable ground is obviously weak and without merit, there is no other possible ground that is any better.

When appellant saw the first brief, he had an opportunity to file his own but did not do so. Now that a second brief alleging one ground that is frivolous has been filed, it would be a useless thing to abate this appeal a second time. The appellant asserted no ground after the first brief was filed with no error asserted. What would be the purpose of requiring a second opportunity when none of his rights have been violated?

In the revocation of probation case, the same procedure concerning the appeal, abatement and the rebriefing occurred. In this case an arguable ground of error in the second brief was that the court erred in considering evidence of the trial of the case of burglary of the beer parlor to revoke probation.

This procedure adopted by the majority amounts to judicial wheel spinning. No statute or court decision requires such a useless procedure.

The appeals should not be abated.