**Alfonso Lerma MARQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57659.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 29, 1978.

Michael R. Gibson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Judy Lynn Sanders, Asst. Dist. Atty., El Paso, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

OPINION

ROBERTS, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of burglary of a habitation. Punishment was assessed at 12 years' confinement in the Department of Corrections.

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by advancing a contention which counsel says might arguably support the appeal. See *Gainous v. State,* 436 S.W.2d 137 (Tex.Cr.App.1969); *Jackson v. State,* 485 S.W.2d 553 (Tex.Cr. App.1972); *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974). A review of the record, however, reveals matters which require an abatement of this appeal.

The judgment contained in the record reflects that appellant entered a plea of guilty on July 13, 1977, and was apparently represented by retained counsel. Appellant was sentenced on July 29, 1977, and gave notice of appeal in open court. The record reflects that on the same date the trial

court appointed counsel to represent appellant on appeal.[1]

Notice of completion of the record in this cause was sent to appellant's court-appointed counsel on October 31, 1977. On November 9, 1977, appellant's counsel filed objections to the record because no statement of facts had been prepared for inclusion in the record. On November 21, 1977, the trial court conducted a hearing and considered appellant's objection to the record. On November 23, 1977, the trial court entered an order sustaining the objections to the record and ordered that the statement of facts be included in the record on appeal. Furthermore, on November 21, 1977, appellant's counsel filed a motion for extension of time to file a transcription of the court reporter's notes in this Court; and such motion was granted and the time for filing said item was extended until November 30, 1977.

A subsequent item in the record is confusing and inconsistent. The approval of the record is signed by the trial court, but it is also dated and filed on November 21, 1977. The approval of the record states:

"The Clerk of the Court having duly notified the parties or the respective counsel that the record in the above entitled and numbered proceeding was complete, and *neither party nor their counsel having filed or presented to the Court any objections to the record* after due notice was given and within the time provided by the Texas Code of Criminal Procedure, and the Court having examined the record consisting of *63* pages and found by the Court to be correct, and the Court having no objections to the record, and it further appearing to the Court that the record should be approved and filed; (Emphasis added)

"It is, therefore, the ORDER of the Court and the Court does hereby approve the foregoing record of *63* pages as the record in the cause, and the Court ORDERS the same approved and filed as the record in the above cause."

The above-quoted approval of the record further orders defendant's brief to be filed with the clerk of the court on or about the 21st day of December, 1977. The frivolous appeal brief filed by appellant's court-appointed counsel was filed on December 7, 1977.

In *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the United States Supreme Court held that indigent defendants were denied equal protection of the laws where the merits of the one appeal they had from their convictions were decided without the benefit of counsel. See *Lopez v. State,* 486 S.W.2d 559 (Tex.Cr.App. 1972); *Currie v. State,* 516 S.W.2d 684 (Tex. Cr.App.1974); *Hawkins v. State,* 515 S.W.2d 275 (Tex.Cr.App.1974); *McMahon v. State,* 529 S.W.2d 771 (Tex.Cr.App.1975). *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), held that an indigent is entitled to a free transcript on appeal.

The record reflects that while appellant may have been represented by retained counsel at trial, the trial court determined that appellant was indigent for the purposes of appeal and appointed counsel to represent him. We note that while the record in this cause contains a transcription of the court reporter's notes at the sentencing hearing, appellant's counsel's objections to the record were well taken because the transcription of the court reporter's notes of the hearing at the trial on appellant's plea of guilty is totally absent from the record. We assume that the order approving the record was inadvertently entered in this cause because on the same date that the record was approved, November 21, 1977, the trial court was conducting a hearing on appellant's objections thereto. Two days later on November 23, 1977, the trial court granted appellant's objections to the record for failure to include a statement of facts in the record.

We also note that the order of this Court granting an extension of time to file a

1. In addition to a formal order appointing Mr. Mike Gibson to represent appellant on appeal, the transcription of the court reporter's notes of the sentencing hearing reflects that it was appellant's intention to appeal and the court concurred that appellant was indigent and indicated to appellant that he would appoint an attorney to represent appellant on appeal.

transcription of the court reporter's notes until the 30th day of November, 1977, was filed with the El Paso County District Clerk on November 28, 1977. The court reporter, however, has totally failed to comply with this order. However, due to the inconsistent orders of the trial court concerning the approval of this record, we will abate the appeal so that the court reporter can file a statement of facts in the trial court on or before 30 days after the mandate in this cause issues. Further proceedings shall then be had in the trial court in accordance with Article 40.09(7), etc., Vernon's Ann.C. C.P.[2]

The appeal is abated.

---

**2.** While appellant's court-appointed counsel might once again conclude that the appeal is wholly frivolous and without merit, it is difficult to perceive how counsel fulfilled his obligation delineated in *Anders v. California,* supra, when the complete statement of facts did not appear in the record for counsel's review.