Lewis Allen DAY, Appellant,

v.

The STATE of Texas, State.

No. 2–84–046–CR.

Court of Appeals of Texas, Fort Worth.

July 25, 1985.

Law Offices of Henderson & Snell, P.C., Richard A. Henderson, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Richard B. Roper, Asst. Dist. Atty., Fort Worth, for State.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

In March of 1982, appellant, Lewis Allen Day, waived trial by a jury and pled guilty to the charge of sexual abuse of a child. Penal Code, ch. 399, sec. 1, 1973 Tex.Gen. Laws 883, 918. The trial court, pursuant to TEX.CODE CRIM.PROC.ANN. art. 42.-12 (Vernon 1979), deferred adjudication of guilt and placed Day on probation for a period of ten years. In June of 1983, the State filed a first amended petition to proceed to adjudication. After a hearing, the trial court revoked Johnson's probation, proceeded to adjudicate him guilty of the original charge and sentenced him to ten years in the Texas Department of Corrections. Day then brought the present appeal.

We affirm.

Day originally raised five grounds of error on appeal. By way of a supplemental brief, a sixth ground of error is also raised. Ground of error one alleged that the trial court which originally accepted his plea of guilty and deferred his adjudication of guilt erred by failing to admonish him of the proper range of punishment. Day's grounds of error two, three, four and five all complain of the trial court's actions at the hearing to proceed to adjudication and contend that the trial court abused its discretion in revoking his probation and proceeding to an adjudication of guilty. Ground of error six contends that the trial court erred in supplementing the record and altering the statement of facts.

■■■ We hold that grounds of error two, three, four and five are without merit in that no appeal may be taken from a trial court's determination to proceed to an adjudication of guilt. TEX.CODE CRIM. PROC.ANN. art. 42.12, sec. 3d(b) (Vernon 1979). Day's grounds of error two, three, four and five are not reviewable by this Court. *Contreras v. State*, 645 S.W.2d 298 (Tex.Crim.App.1983). We are unable, however, to dismiss the present appeal because we find that Day's ground of error six is reviewable by this Court. *See Johnson v. State*, 694 S.W.2d 227 (Tex.App.—Fort Worth, no pet.) (Spurlock II, J., dissenting).

■■ Day's ground of error one alleged that, at the original hearing in March of 1982 where the trial court accepted his plea of guilty and deferred an adjudication of guilt, he was incorrectly admonished as to the maximum range of punishment he could face if convicted. In the initial statement of facts from that hearing which was filed in this Court on June 18, 1984, it appeared that the trial court stated:

> Now, the range of punishment that applies to the offense of engaging in deviate sexual intercourse with a child is a period of confinement for not less than two nor more than *ten years*.... [Emphasis added.]

The offense of sexual abuse of a child was a second degree felony. Penal Code, ch. 399, sec. 1, 1973 Tex.Gen.Laws at 918. A felony of the second degree was punishable "by confinement in the Texas Department of Corrections for any term of not more than *20 years* or less than 2 years." Murder-Punishment Under Certain Conditions, ch. 426, art. 2, sec. 2, 1973 Tex.Gen.Laws 1122, 1125 (emphasis added).

This initial statement of facts was approved by the trial court and forwarded to

this Court without objection from the State. Prior to that time, the State had waived in writing its right to be served with notice of completion of the record. Day filed his original brief on July 31, 1984. On August 27, 1984, the State filed a motion to supplement the record which asked this court to abate the appeal and allow the record to be supplemented so that it may speak the truth. Attached to the motion was an affidavit by the court reporter at the March 1982 hearing which stated that she had reviewed her stenographic notes and audio tape and that the recital of "ten years" in the statement of facts was a "clerical error". Day filed a motion in opposition to the supplementation of the record.

On September 12, 1984, this Court abated the appeal to the trial court for supplementation of the record. Following a hearing in the trial court, the statement of facts was supplemented to reflect that Day had been properly admonished that the range of punishment was "not less than two nor more than *twenty years* in the Texas Department of Corrections." (Emphasis added.) This supplementation of the record rendered Day's ground of error one moot. *Swinney v. State*, 529 S.W.2d 70, 73 (Tex. Crim.App.1975).

In ground of error six, Day contends that the trial court erred in supplementing the record and altering the statement of facts. He argues that the State had ample opportunity to object to the record, but failed to do so and points to the State's written waiver of approval of the record.

TEX.CODE CRIM.PROC.ANN. art. 40.-09, sec. 7 (Vernon Supp.1985), specifically provides:

If the trial court deems that a supplemental record or any other modification of the record be necessary to make the record speak the truth, for any reason, with or without objections from the state or the defendant, and whether on the court's own motion or the motion of either party or by order of the court of appeals or the Court of Criminal Appeals, the defendant and the state shall be notified by certified or registered mail of same and be given five days from receipt of notice for objections to such modification or supplementation. If objection be made, or if the court fails to approve the record within five days after the expiration of such 15-day period, the court shall set the matter down for hearing, and, after hearing, shall enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, shall be final.

Pursuant to art. 40.09, sec. 7, this Court has the power to abate an appeal and order the record to be supplemented by the trial court. *See Marquez v. State*, 563 S.W.2d 624, 626 (Tex.Crim.App.1978). Day's ground of error six is overruled.

Day's conviction is affirmed.