NO. 07-03-0019-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 3, 2003



______________________________




IN THE INTEREST OF TRESTIN MARCEL CLAY, GREGORY


WAYNE INGRAM, III AND TEBRIA SIMONE INGRAM, CHILDREN




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 62,810-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN and CAMPBELL, JJ., and BOYD, S.J. (1)

 In this proceeding, appellant Terence Davis gave notice of appeal from an adverse
judgment in the trial court. However, since that time, nothing further has been done by
appellant to obtain and file an appellate record and to pursue his appeal. We have been
notified by the district clerk that appellant has not paid, nor has he made arrangements to
pay, for the clerk's record.

 Accordingly, on January 10, 2003, and on April 14, 2003, appellant was notified that
without a record or a satisfactory explanation about the failure to furnish such a record, the
appeal would be subject to dismissal for want of prosecution. See Tex. R. App. 37.3(b).

 No such reply has been received. Accordingly, this appeal must be, and is hereby,
dismissed. 


 John T. Boyd

 Senior Justice


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 


t counsel's brief be 
provided to an appellant and adequate time given the appellant to file a response. Anders,
386 U.S. at 744. Texas courts have viewed the opportunity to file a response as
necessarily implying an opportunity to review the record. See, e.g., Hawkins v. State, 515
S.W.2d 275, 276 (Tex.Crim.App. 1974); Johnson, 885 S.W.2d at 647. In Escobar, we held
appointed counsel bears the primary responsibility for ensuring an appellant's access to
the record. 134 S.W.3d at 339-40. The correspondence and motions in this appeal indicate
counsel has sought to fulfill that responsibility but has been unsuccessful and intervention
of the court is necessary. 

 Documents before us indicate the trial court reporter prepared a duplicate reporter's
record in compliance with Rule of Appellate Procedure 34.6(h). Appellant's counsel used
this copy to prepare his brief. Counsel's correspondence asserts both the clerk's and
reporter's records were delivered to the trial court clerk. The trial court clerk apparently
delivered only the clerk's record to appellant, but the clerk states that document was
"everything" contained in her file. We abate the appeal and remand to the trial court for a
determination of whether the duplicate reporter's record is available or has been lost or
destroyed. If the record is available, the trial court shall direct that it be provided to
appellant for use in preparing his response to his counsel's brief. In the event the record
has been lost or destroyed, the court shall order the preparation of a replacement copy. 
The trial court may conduct such hearings as it finds necessary to make the determinations
ordered. The trial court shall file findings of fact and conclusions of law and such orders
as it finds necessary. The trial court shall direct preparation of a supplemental clerk's
record containing the findings of fact and conclusions of law and any orders rendered. The
supplemental record shall be filed in this court by July 10, 2006.


 Per Curiam

Do not publish.
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)