**Sammy Ray ESCOBAR, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–03–0105–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 17, 2003.

Sammy Ray Escobar, Abilene, pro se.

William L. Rivers, Amarillo, for appellant.

John L. Owen, Asst. Dist. Atty., Amarillo, for appellee.

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

### ORDER

PER CURIAM.

Following the filing of an *Anders* brief by appointed counsel,[1] appellant filed a *pro se* motion for extension of time in which to file a response to the brief. The motion was granted extending the deadline to December 12, 2003. When the *Anders* brief

---

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

was filed appointed counsel also filed a motion to withdraw; however, the motion has yet to be ruled on by this Court. *See generally Penson v. Ohio,* 488 U.S. 75, 80–82, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (holding that a motion to withdraw should not be ruled on before an appellate court makes its own independent review of the record to determine whether counsel's evaluation that the appeal is frivolous is sound); *see also Stafford v. State,* 813 S.W.2d 503, 510 (Tex.Cr.App.1991) (en banc). Counsel has provided us with a copy of his letter to appellant informing him of his right to review the record and file a *pro se* response to the *Anders* brief. In the letter counsel suggests that appellant notify the Clerk of this Court to make proper arrangements to gain access to the record. Now pending before this Court is appellant's *pro se* "Motion For Use Of Clerk's Record and Reporter's Record" by which he requests that the appellate record be made available to him to aid him in preparation of his response. For the reasons expressed herein, we overrule the motion.

█ It is well settled that the trial court has the duty to provide an indigent defendant with an adequate record on appeal. *Newman v. State,* 937 S.W.2d 1, 3 (Tex.Cr. App.1996) (en banc), citing *Abdnor v. State,* 712 S.W.2d 136, 139 (Tex.Cr.App. 1986) (en banc). However, we have found no decision addressing on whom the responsibility falls of ensuring that an indigent appellant obtains access to the record for review for possible preparation of a *pro se* response in an *Anders* appeal. Our sister courts in San Antonio and Waco have suggested in footnotes that it is counsel's responsibility to explain to an appellant the details of the procedure for obtaining access to the record. *See Bruns v. State,* 924 S.W.2d 176, 180 n. 1 (Tex.App.-San Antonio 1996, no pet.); *Evans v. State,*

933 S.W.2d 334, 335 n. 1 (Tex.App.-Waco 1996, no pet.); *Johnson v. State,* 885 S.W.2d 641, 647 n. 2 (Tex.App.-Waco 1994, pet. ref'd).

The Texas Rules of Appellate Procedure provide that in criminal cases the trial court clerk and the court reporter must prepare the clerk's record and reporter's record in duplicate. *See* Tex.R.App. P. 34.5(g) & 34.6(h). The rules also direct that the trial court clerk retain a copy of the clerk's record and that the court reporter file a copy of the reporter's record with the trial court clerk for use by the parties with permission of the trial court.

█ The decision to grant counsel's motion to withdraw from an *Anders* appeal may not be made until after an appellate court makes an independent review of the record to determine whether meritorious issues exist. *Penson,* 488 U.S. at 80, 109 S.Ct. 346. An appellate court should not proceed to address the merits of the appeal until after the *pro se* response is received or a reasonable opportunity for filing one has lapsed. *Wilson v. State,* 955 S.W.2d 693, 696 (Tex.App.-Waco 1997, no pet.). Thus, until an appellate court determines that an appeal is frivolous and grants counsel's motion to withdraw, counsel remains the attorney of record and is bound by the Rules of Professional Conduct to act zealously in his client's behalf and to promptly comply with reasonable requests for information. *See* Tex. Disciplinary R. Prof'l Conduct 1.01, comment 6, and 1.03, reprinted in Tex. Gov't Code Ann. tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9). Accordingly, we hold that appointed counsel has the responsibility to procure a copy of the record for appellant to review in preparation of his *pro se* response to the *Anders* brief. Pursuant to Rules 34.5(g) and 34.6(h) of the Texas Rules of Appellate Procedure, appointed counsel should im-

mediately request permission from the trial court to obtain the duplicate clerk's and reporter's records filed with the trial court clerk for use by appellant in preparation of his response. Appellant's *pro se* motion is overruled.

It is so ordered.