ANTONIO I. TREVINO V. THE STATE OF TEXAS



NO. 07-04-0066-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 26, 2004



______________________________




ANTONIO I. TREVINO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-402258; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ORDER


 Following the filing of an Anders brief by appointed counsel, (1) appellant filed a pro
se request for a copy of the appellate record. Attached to the request is a copy of a letter
written by appellant to his appointed counsel. In the letter, appellant asks his attorney to
file a motion for extension of time to allow appellant time to file a response to the Anders
brief. Appellant also asks his attorney to provide him with a copy of the appellate record. 

 When the Anders brief was filed, appointed counsel also filed a motion to withdraw;
however, the motion has yet to be ruled on by this Court. See generally Penson v. Ohio,
488 U.S. 75, 80-82, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988) (holding that a motion to
withdraw should not be ruled on before an appellate court makes its own independent
review of the record to determine whether counsel's evaluation that the appeal is frivolous
is sound); see also Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no
pet.). An appellate court should not proceed to address the merits of the appeal until after
the pro se response is received or a reasonable opportunity for filing one has lapsed.
Wilson v. State, 955 S.W.2d 693, 696 (Tex.App.-Waco 1997, no pet.).

 Counsel has provided us with a copy of his letter to appellant informing him of his
right to review the record and file a pro se response to the Anders brief. In the letter
counsel suggests appellant advise either him or the Clerk of this Court to make
arrangements to review the record. 

 It is well settled that the trial court has the duty to provide an indigent defendant with
an adequate record on appeal. Newman v. State, 937 S.W.2d 1, 3 (Tex.Crim.App. 1996)
(en banc), citing Abdnor v. State, 712 S.W.2d 136. 139 (Tex.Crim.App. 1986) (en banc). 
The Texas Rules of Appellate Procedure provide that in criminal cases the trial court clerk
and the court reporter must prepare the clerk's record and reporter's record in duplicate.
See Tex. R. App. P. 34.5(g) & 34.6(h). The rules also direct that the trial court clerk retain
a copy of the clerk's record and that the court reporter file a copy of the reporter's record
with the trial court clerk for use by the parties with permission of the trial court. Rule 34.5(g)
& 34.6(h). This court has held that it is appointed counsel's responsibility to procure a copy
of the record for appellant to review in preparation of his pro se response to the Anders
brief. Escobar v. State, 134 S.W.3d 338, 339 (Tex.App.-Amarillo 2003, no pet.). (2) 

 Accordingly, appellant's pro se request that this court provide him a copy of the
appellate record is denied. Appointed counsel should immediately request permission
from the trial court to obtain the duplicate clerk's and reporter's records filed with the trial
court clerk for use by appellant in preparation of his response. Appellant is granted an
extension of the due date for his response to his counsel's Anders brief; the response shall
be filed with the clerk of this court no later than September 30, 2004.

 It is so ordered.


 Per Curiam


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).
2. - 
 - 
 - '