Affirmed and Memorandum Opinion filed April 28, 2005









Affirmed
and Memorandum Opinion filed April 28, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00414-CR

_______________

 

WILBERT RAY HUTSON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 875,569

___________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Wilbert Ray Hutson, appeals from the trial court=s denial of his motion for
post-conviction DNA testing.  See Tex. Code Crim. Proc. Ann. art. 64.01B.05 (Vernon Supp. 2004B05). 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.








I.  Background

Appellant was convicted of the offense of aggravated assault
with a deadly weapon, and the trial court assessed punishment at ten years= confinement.  On direct appeal, this court affirmed
appellant=s conviction.  Appellant subsequently filed a motion for
post-conviction forensic testing pursuant to Chapter 64 of the Texas Code of
Criminal Procedure, seeking DNA testing of the box cutter allegedly used to
commit the aggravated assault.[1]  In its response to appellant=s motion, the State contended the
trial court should deny testing because appellant failed to show that
biological evidence still exists or that the evidence is in a condition making
DNA testing possible.[2]  

On April 12, 2004, the trial court held a post-conviction DNA
hearing and denied appellant=s motion for DNA testing. 
The trial court adopted the State=s proposed findings of fact and
conclusions of law, finding, in part, that appellant failed to show that
evidence still exists and is in a condition making DNA testing possible.  Although appellant was represented by
appointed counsel at the post-conviction DNA hearing, appellant waived his
right to counsel on appeal and filed a pro se brief challenging the
trial court=s denial of his motion.

II.  Abatement of Appeal








In his brief, appellant appears to argue that this appeal
should be abated because counsel, who previously represented appellant on
direct appeal from his original conviction, failed to deliver an Anders brief
to appellant for the current appeal.  See
Hawkins v. State, 515 S.W.2d 275, 276 (Tex. Crim. App. 1974) (abating
appeal because the record failed to show that the appellant=s counsel had delivered an Anders brief
to the appellant, or the appellant had ample opportunity to review the
appellate record in light of the brief). 
However, counsel from appellant=s direct appeal of his conviction no
longer represents appellant, and therefore, was not required to deliver an Anders
brief to appellant.  Moreover, the
record clearly reflects that appellant voluntarily waived his right to counsel
on this appeal and elected to file a pro se brief.  Accordingly, we find no merit in appellant=s assertion that this appeal should
be abated.[3]


III.  Collateral Attack on
Conviction

Appellant makes numerous arguments challenging his original
conviction for aggravated assault.[4]  However, we do not have jurisdiction to
address these arguments in this appeal.








In a criminal case, the right to appeal is Aa substantive right determined solely
within the province of the Legislature.@ 
Sanchez v. State, 112 S.W.3d 311, 311 (Tex. App.CCorpus Christi 2003, no pet.) (per
curiam) (citing Lyon v. State, 872 S.W.2d 732, 734 (Tex. Crim. App.
1994)); see also Bayless v. State, 91 S.W.3d 801, 805 (Tex. Crim. App.
2002) (Aa defendant=s right of appeal is a statutorily
created right@). 
Appellate courts do not have jurisdiction over criminal appeals where
that jurisdiction has not been expressly granted to them.  See Apolinar v. State, 820 S.W.2d 792,
794 (Tex. Crim. App. 1991); Wright v. State, 969 S.W.2d 588, 589 (Tex.
App.CDallas 1998, no pet.); Fry v.
State, 112 S.W.3d 611, 612B613 (Tex. App.CFort Worth 2003, pet. ref=d) (en banc).  Chapter 64 of the Texas Code of Criminal
Procedure confers jurisdiction on this court to review a trial court=s order regarding post-conviction DNA
testing.  See Tex. Code Crim. Proc. Ann. art. 64.05
(providing that in non-capital cases, an appeal under this chapter is to a
court of appeals).  The legislature
recently broadened the scope of appeals under Chapter 64 to include issues
pertaining to all articles of Chapter 64.  See Wolfe v. State, 120 S.W.3d 368,
371B72 (Tex. Crim. App. 2003) (explaining
that article 64.05 previously only permitted an appeal Aof a finding under article 64.03 or
64.04,@ but that a 2003 amendment now
permits an appeal Aunder this chapter@). 
However, appellant=s arguments attacking his original conviction do not pertain
to any of the articles in Chapter 64, and thus, we have no jurisdiction to
consider them in this appeal.  Therefore,
we dismiss for lack of jurisdiction all of appellant=s arguments challenging his original
conviction.  

IV.  Denial of Motion for DNA Testing

Although appellant filed this appeal from the trial court=s denial of his motion for DNA
testing, appellant has presented no arguments in his brief concerning why the
trial court=s ruling on the motion may have been
improper.  Nonetheless we will address
the propriety of the trial court=s denial of appellant=s motion.

In reviewing the trial court=s decision on a motion for
post-conviction DNA testing,  we apply a
bifurcated standard of review.  Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  We afford almost total deference to the trial
court=s determination of historical fact
issues and application of law to facts that turn on credibility and
demeanor.  Id.  We review de novo other application of
law to fact issues.  Id.








Before granting post-conviction DNA testing, the trial court
must first determine whether (a) testable biological material exists in a
condition making forensic DNA testing possible and has not been altered or
tampered with in any material respect, and (b) identity was or is an issue in
the case.  Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A) &
(B).  In this case, the State submitted
affidavits from relevant authorities averring that the Harris County Clerk=s Office, the Houston Police
Department crime lab, the Houston Police Department property room, and the
Harris County Sheriff=s Office property room do not have custody of any property or
evidence related to appellant=s case.  Moreover,
appellant introduced no evidence to show that testable DNA evidence exists.

After reviewing the evidence submitted at the post-conviction
DNA hearing, we find that the record supports the trial court=s determination that no evidence
containing biological material capable of DNA testing exists.  Deferring to the trial court=s finding that this evidence does not
exist, we hold that the trial court properly denied appellant=s motion for post-conviction DNA
testing.  See Lopez v. State, 114
S.W.3d 711, 717 (Tex. App.CCorpus Christi 2003, no pet.) (holding that convicting court
properly denied appellant=s motion for post-conviction DNA testing because record
supported finding that no evidence containing biological material capable of
DNA testing existed).[5]

V.  Preservation of Evidence








Appellant appears to argue that the State violated article
38.39 of the Texas Code of Criminal Procedure by failing to preserve evidence
containing biological material.  See Tex. Code Crim. Proc. Ann. art. 38.39
(Vernon Supp. 2004B05) (providing guidelines for preservation of biological
evidence).  However, article 38.39 does
not provide for any relief by the lower court, nor does it authorize an appeal
to a court of appeals.  Chavez v.
State, 132 S.W.3d 509, 510 (Tex. AppCHouston [1st Dist.] 2004, no
pet.); Watson v. State, 96 S.W.3d 497, 500 (Tex. App.CAmarillo 2002, pet. ref=d). 
Therefore, we do not have jurisdiction to consider appellant=s argument in this appeal.[6]


The judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed April 28, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Appellant’s
motion is not part of the appellate record.





[2]  At the
post-conviction DNA hearing, the State further argued that appellant’s motion
for DNA testing should be denied because appellant would have still been
prosecuted and convicted if the evidence had been tested.  See Tex.
Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (providing that a convicted
person must prove by a preponderance of the evidence that a reasonable
probability existed that he would not have been convicted if exculpatory
results had been obtained through DNA testing).





[3]  Appellant also
argues that the trial court erred by failing to appoint counsel for the
post-conviction DNA hearing.  See Tex. Code Crim. Proc. Ann. art.
64.01(c) (providing that a convicted person is entitled to counsel during a
proceeding under Chapter 64 of the Texas Code of Criminal Procedure).  However, the record plainly reflects that
appellant was represented by appointed counsel at the hearing. 





[4]  Appellant does
not separately brief any of the issues that he raises on appeal.  However, appellant generally raises the
following arguments relating to his conviction: (1) the evidence admitted at
trial was insufficient to support his conviction; (2) appellant=s trial counsel was prohibited from cross-examining
the State’s witnesses to expose their bias or motive for testifying; (3)
appellant’s trial counsel was ineffective; (4) the prosecutor suppressed
evidence and refused to subpoena witnesses who could exonerate appellant; (5)
appellant’s conviction was based upon perjured testimony; (6) the prosecutor
suborned perjury; and (7) the prosecutor engaged in improper jury argument. 





[5]  Given our
disposition of this issue, we need not address the State’s additional arguments
as to why the trial court properly denied appellant’s motion for DNA testing.





[6]  To the extent
appellant contends that the State=s
failure to preserve the evidence violated his constitutional right to due
process of law, we also lack jurisdiction to consider his argument.  See Chavez, 132 S.W.3d at 510 (holding
that appellant=s claim that State=s
destruction of evidence violated his constitutional right to due process of law
amounted to a request for habeas relief, over which a court of appeals does not
have jurisdiction in a felony case).