NO. 07-05-0254-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 9, 2006



______________________________


 

LLOYD HARRISON PITCHFORD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 10,600; HONORABLE TOM NEELY, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER ON ABATEMENT AND REMAND


 Lloyd Harrison Pitchford perfected appeal from his conviction for the offense of
aggravated sexual assault. The clerk's record and reporter's record were filed in August
2005. In November 2005, appellant's appointed counsel filed an Anders (1) brief, provided
appellant with a copy of the brief and notified him of his right to review the record and file
a response. Johnson v. State, 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, pet. ref'd). 
Counsel erroneously directed appellant to this court for access to the record. 

 By letter to this court dated January 17, 2006, appellant expressed a desire to review
the record and file a response to his counsel's brief. Correspondence from this court
reminded counsel of his continuing responsibility to assist appellant until counsel's motion
to withdraw is granted. See Escobar v. State, 134 S.W.3d 338 (Tex.App.-Amarillo 2003,
no pet.) (discussing duties of counsel filing Anders brief). Counsel wrote to the trial court
clerk noting he had returned both the clerk's record and the reporter's record and requested
they be sent to appellant. A cover letter dated February 17, 2006 indicates the trial court
clerk sent the clerk's record to appellant on that day. Appellant wrote back to the court
clerk acknowledging receipt of the clerk's record and requesting a copy of the reporter's
record. The trial court clerk responded that her office did not have the reporter's record and
directed appellant back to his counsel. Another request to his appointed counsel failed to
secure access to the reporter's record. Having completed a full circle, appellant filed a
request with this court for another extension of time in which to file his response, explaining
his efforts in securing access to the reporter's record. 

 The U.S. Supreme Court's opinion in Anders required only that counsel's brief be 
provided to an appellant and adequate time given the appellant to file a response. Anders,
386 U.S. at 744. Texas courts have viewed the opportunity to file a response as
necessarily implying an opportunity to review the record. See, e.g., Hawkins v. State, 515
S.W.2d 275, 276 (Tex.Crim.App. 1974); Johnson, 885 S.W.2d at 647. In Escobar, we held
appointed counsel bears the primary responsibility for ensuring an appellant's access to
the record. 134 S.W.3d at 339-40. The correspondence and motions in this appeal indicate
counsel has sought to fulfill that responsibility but has been unsuccessful and intervention
of the court is necessary. 

 Documents before us indicate the trial court reporter prepared a duplicate reporter's
record in compliance with Rule of Appellate Procedure 34.6(h). Appellant's counsel used
this copy to prepare his brief. Counsel's correspondence asserts both the clerk's and
reporter's records were delivered to the trial court clerk. The trial court clerk apparently
delivered only the clerk's record to appellant, but the clerk states that document was
"everything" contained in her file. We abate the appeal and remand to the trial court for a
determination of whether the duplicate reporter's record is available or has been lost or
destroyed. If the record is available, the trial court shall direct that it be provided to
appellant for use in preparing his response to his counsel's brief. In the event the record
has been lost or destroyed, the court shall order the preparation of a replacement copy. 
The trial court may conduct such hearings as it finds necessary to make the determinations
ordered. The trial court shall file findings of fact and conclusions of law and such orders
as it finds necessary. The trial court shall direct preparation of a supplemental clerk's
record containing the findings of fact and conclusions of law and any orders rendered. The
supplemental record shall be filed in this court by July 10, 2006.


 Per Curiam

Do not publish.
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)