NO. 07-05-0254-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 9, 2006

_____

LLOYD HARRISON PITCHFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,600; HONORABLE TOM NEELY, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER ON ABATEMENT AND REMAND**

Lloyd Harrison Pitchford perfected appeal from his conviction for the offense of aggravated sexual assault. The clerk's record and reporter's record were filed in August 2005. In November 2005, appellant's appointed counsel filed an *Anders*[1] brief, provided appellant with a copy of the brief and notified him of his right to review the record and file a response. *Johnson v. State*, 885 S.W.2d 641, 646 (Tex.App.–Waco 1994, pet. ref'd). Counsel erroneously directed appellant to this court for access to the record.

---

[1] *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)

By letter to this court dated January 17, 2006, appellant expressed a desire to review the record and file a response to his counsel's brief. Correspondence from this court reminded counsel of his continuing responsibility to assist appellant until counsel's motion to withdraw is granted. *See Escobar v. State*, 134 S.W.3d 338 (Tex.App.–Amarillo 2003, no pet.) (discussing duties of counsel filing *Anders* brief). Counsel wrote to the trial court clerk noting he had returned both the clerk's record and the reporter's record and requested they be sent to appellant. A cover letter dated February 17, 2006 indicates the trial court clerk sent the clerk's record to appellant on that day. Appellant wrote back to the court clerk acknowledging receipt of the clerk's record and requesting a copy of the reporter's record. The trial court clerk responded that her office did not have the reporter's record and directed appellant back to his counsel. Another request to his appointed counsel failed to secure access to the reporter's record. Having completed a full circle, appellant filed a request with this court for another extension of time in which to file his response, explaining his efforts in securing access to the reporter's record.

The U.S. Supreme Court's opinion in *Anders* required only that counsel's brief be provided to an appellant and adequate time given the appellant to file a response. *Anders*, 386 U.S. at 744. Texas courts have viewed the opportunity to file a response as necessarily implying an opportunity to review the record. *See, e.g., Hawkins v. State*, 515 S.W.2d 275, 276 (Tex.Crim.App. 1974); *Johnson*, 885 S.W.2d at 647. In *Escobar*, we held appointed counsel bears the primary responsibility for ensuring an appellant's access to the record. 134 S.W.3d at 339-40. The correspondence and motions in this appeal indicate

2

counsel has sought to fulfill that responsibility but has been unsuccessful and intervention of the court is necessary.

Documents before us indicate the trial court reporter prepared a duplicate reporter's record in compliance with Rule of Appellate Procedure 34.6(h). Appellant's counsel used this copy to prepare his brief. Counsel's correspondence asserts both the clerk's and reporter's records were delivered to the trial court clerk. The trial court clerk apparently delivered only the clerk's record to appellant, but the clerk states that document was "everything" contained in her file. We abate the appeal and remand to the trial court for a determination of whether the duplicate reporter's record is available or has been lost or destroyed. If the record is available, the trial court shall direct that it be provided to appellant for use in preparing his response to his counsel's brief. In the event the record has been lost or destroyed, the court shall order the preparation of a replacement copy. The trial court may conduct such hearings as it finds necessary to make the determinations ordered. The trial court shall file findings of fact and conclusions of law and such orders as it finds necessary. The trial court shall direct preparation of a supplemental clerk's record containing the findings of fact and conclusions of law and any orders rendered. The supplemental record shall be filed in this court by July 10, 2006.

Per Curiam

Do not publish.

3