TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00294-CR






Justin Tiger Thomas, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT

NO. CR22,313, HONORABLE ED MAGRE, JUDGE PRESIDING





O R D E R

PER CURIAM

 Appointed counsel for appellant Justin Tiger Thomas has filed a motion to
withdraw supported by a brief concluding that the appeal is frivolous and without merit. See Anders
v. California, 386 U.S. 738 (1967). Thomas has now filed a fourth motion for extension of time to
file a pro se brief. In the motion, Thomas represents that he needs more time to complete his
brief because he has been unable "to get [his] transcripts from Milam County or get some kind of
contact from [his] lawyer." The district clerk's office has advised this Court that it had previously
mailed Thomas a copy of the clerk's record and reporter's record in October 2011. Thomas insists,
however, that he has not received a copy of the record.

 When appointed counsel files an Anders brief, the appellant has a right to
personally review the appellate record for the purpose of filing a pro se brief. See Caraway v. State,
560 S.W.2d 690, 691 (Tex. Crim. App. 1978); Hawkins v. State, 515 S.W.2d 275, 276 (Tex. Crim.
App. 1974). In an abundance of caution, we request a written response from appointed counsel
verifying that his client has in fact received a copy of the appellate record. (1) See Escobar v. State,
134 S.W.3d 338, 339 (Tex. App.--Amarillo 2003, no pet.) (holding that when it appears that
appellant has requested but has not received copy of appellate record, appointed counsel "has the
responsibility to procure a copy of the record for appellant to review in preparation of his pro se
response to the Anders brief"). Counsel shall file his response no later than March 26, 2012.

 We also grant in part Thomas's fourth motion for extension of time to file his pro se
brief. Thomas is ordered to file his pro se brief no later than 30 days from the date counsel verifies
that Thomas has received a copy of the appellate record.

 It is ordered March 15, 2012.



Before Chief Justice Jones, Justices Pemberton and Rose

Do Not Publish
1. Until counsel's motion to withdraw is granted, counsel "remains the attorney of record
and is bound by the Rules of Professional Conduct to act zealously in his client's behalf and to
promptly comply with reasonable requests for information." Escobar v. State, 134 S.W.3d 338, 339
(Tex. App.--Amarillo 2003, no pet.) (citing Tex. Disciplinary Rules Prof'l Conduct R.1.01 cmt. 6
& 1.03, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2005) (Tex. State Bar R.
art. X, § 9)); see also Anders v. California, 386 U.S. 738, 744 (1967) ("[Counsel's] role as advocate
requires that he support his client's appeal to the best of his ability.").