

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00068-CR

JOHNNY RICHARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-12-24305

Before Morriss, C.J., Carter and Moseley, JJ.

O R D E R

Johnny Richard has filed a motion asking this Court to provide him with a free copy of the record. Our opinion affirming his conviction was issued on December 17, 2013. Richard's attorney was appointed by the trial court, but has declined to file a motion for rehearing or request for more time in which to file such a motion. Richard is attempting to file a pro se motion for rehearing and has filed two motions requesting an extension of the deadline for filing that motion. Richard's motion for rehearing is currently due to be filed no later than March 19, 2014.

Richard first contacted this Court on February 18, 2014, attempting to obtain a copy of the record so that he could prepare his motion for rehearing. This Court contacted his attorney, who stated that he had never been provided a copy of the record and that he was permitted to review the reporter's record only by visiting the district clerk's office. Richard states that he contacted the trial court, that he requested a copy of the record, and that his request was denied. Thus, he filed another motion with this Court attempting to obtain the record.

The Texas Rules of Appellate Procedure provide that in criminal cases, the trial court clerk and the court reporter must prepare the clerk's record and reporter's record in duplicate. *See* TEX. R. APP. P. 34.5(g), 34.6(h). The Rules also direct that the trial court clerk retain a copy of the clerk's record and that the court reporter file a copy of the reporter's record with the trial court clerk for use by the parties with permission of the trial court. *Id.*; *see Escobar v. State*, 134 S.W.3d 338, 339 (Tex. App.—Amarillo 2003, no pet.) (per curiam). This follows the direction of Section 52.047 of the Texas Government Code, which requires that an original and a copy of

2

the reporter's record be prepared when a record is requested. TEX. GOV'T CODE ANN. § 52.047 (West 2013).

We recognize that historically, one printed copy of the reporter's record was filed with the district clerk, and one printed copy was transmitted to this Court on appeal. That is no longer the case. All records are filed electronically with this Court, as the reporter's record was in this case. The paper copy which the Rules and the Texas Government Code require is for the benefit of the defendant/appellant and should therefore be provided to him so that he may pursue his motion for rehearing with some effect.

We have also contacted the warden of the facility in which Richard is incarcerated and have been informed that there are no computers available to Richard in order to view electronic copies of any part of the record.

We order the District Clerk of Fannin County to obtain and mail the written duplicate of the reporter's record to Richard so that he may complete his motion for rehearing in a timely fashion.

IT IS SO ORDERED.

BY THE COURT

Date: March 20, 2014

3