

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-16-00189-CR
_____


### JOHN MICHAEL WEATHERLY, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 26,147-B; Honorable John B. Board, Presiding

December 15, 2016

## ORDER DIRECTING COUNSEL TO PROVIDE
## APPELLATE RECORD IN ANDERS APPEAL

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, John Michael Weatherly, appeals his conviction of the offense of possession of a controlled substance under one gram in a drug-free zone,[1] double enhanced, and sentence of five years confinement. On November 30, 2016, Appellant's court-appointed counsel filed a motion to withdraw, supported by a brief filed

_____

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010).

in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), wherein counsel represented that Appellant's appeal was frivolous. Counsel provided a copy of the motion to withdraw and *Anders* brief to Appellant and advised him of his right to file a *pro se* response. Counsel also advised Appellant of his right to personally review the appellate record in order to determine whether to file a response, and provided him a form motion for access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Now pending before this Court is Appellant's *Pro Se Motion for Access to Appellate Record* filed on December 13, 2016, requesting that this court provide him a copy of the appellate record. We deny the motion.

Instead, consistent with our previous orders, we order Appellant's counsel to prepare and deliver to Appellant, by whatever means available, a readily accessible copy of the appellate record on or before December 30, 2016. *See Kelly*, 436 S.W.3d at 315 (once a *pro se* motion for access to the record is filed, "the court of appeals has the ultimate responsibility to make sure that, one way or another . . . the appellant is granted access to the appellate record so he may file his response"); *Escobar v. State*, 134 S.W.3d 338, 339 (Tex. App.—Amarillo 2003, order) (holding that "appointed counsel has the responsibility to procure a copy of the record for appellant to review in preparation of his *pro se* response to the *Anders* brief"); *Ramos v. State*, No. 07-13-00447-CR, 2014 Tex. App. LEXIS 14053, at *3-4 (Tex. App.—Amarillo Sept. 29, 2014, order) (not designated for publication) (ordering appointed counsel to provide a paper copy of the appellate record in an *Anders* appeal when appellant does not have access to a computer). *See also In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS

2

11607, at *5-6 (Tex. App.—Amarillo Nov. 9, 2016, order) (requiring appointed counsel in a termination *Anders* appeal to provide appellant with a readily accessible copy of the appellate record). *Compare with Emmitt v. State*, No. 07-15-00119-CR, 2015 Tex. App. LEXIS 7167, at *1 (Tex. App.—Amarillo July 10, 2015, order) (not designated for publication) (ordering the clerk of the trial court to deliver to appellant a paper copy of the appellate record in accordance with unopposed *pro se* motion for access in an appeal transferred from the Second Court of Appeals).

Because Appellant is indigent, any cost associated with providing an accessible appellate record should be submitted to the trial court for payment. Counsel is further directed to certify to this court, in writing, on or before that date, that she has complied with this order. Appellant's *pro se* response, should he desire to file one, is due on or before January 30, 2017.

It is so ordered.

Per Curiam

Do not publish.