**Gary HENRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–96–00674–CR.**

Court of Appeals of Texas, Dallas.

May 28, 1997.

Gary Henry, Dallas, pro se.

Sue Korioth, Assistant District Attorney, Dallas, for Appellee.

Before LAGARDE, HANKINSON and BRIDGES, JJ.

## OPINION

LAGARDE, Justice.

Gary Henry appeals his conviction of theft. In a single point of error, appellant contends that the trial court erred in sentencing him within the range of punishment for a second-degree felony following his conviction of the state jail felony offense of theft. For reasons that follow, we affirm the trial court's judgment.

Appellant was indicted for the state jail felony offense of theft in accordance with section 31.03(e)(4)(D) of the Texas Penal Code.[1] The indictment also contained two enhancement paragraphs alleging prior convictions of murder and possession of a controlled substance. Appellant waived trial by jury; he acknowledged in writing the trial court's written admonishments of his statutory and constitutional rights, the charge of theft, enhanced, and the range of punishment of two to twenty years and up to a ten-thousand dollar fine; he signed a written judicial confession of guilt of the primary theft offense; he entered an open plea of guilty to the primary theft offense; he signed a written plea of true to the allegations in both enhancement paragraphs. The trial court found appellant guilty of the primary theft offense, found the enhancement allegations true, and sentenced appellant to five years' confinement.

Appellant's appointed counsel on appeal filed a motion to withdraw supported by a brief in which he concludes that this appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief presents a professional evaluation of the record showing

---

**1.** An offense under this section is a state jail felony if the value of the property stolen is less than $1,500 and the defendant has been previ- ously convicted two or more times of any grade of theft. TEX PENAL CODE ANN. § 31.03(e)(4)(D) (Vernon Supp.1997).

why, in effect, there are no arguable grounds to advance. *See High v. State,* 573 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant he had the right to file a response to appellate counsel's motion to withdraw and brief in support thereof. Appellant did so.

In his response, appellant contends that appellate counsel erred in filing an *Anders* brief because the trial court had no authority to generally enhance punishment for conviction of a state jail felony. The State argues that appellant has not preserved this error for review because appellant's response does not meet the briefing requirements of rule 74(f) of the Texas Rules of Appellate Procedure. The State further argues that if error is deemed preserved, the trial court properly enhanced punishment for appellant's state jail felony conviction in accordance with section 12.42(a)(2) of the Texas Penal Code.

*Briefing*

■ The State correctly contends that if a *pro se* appellant's brief does not comply with the rules of appellate procedure, the appellant's complaint is not preserved for our review. *Burks v. State,* 876 S.W.2d 877, 901 (Tex.Crim.App.1994), *cert. denied,* 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995). We agree with the State that a *pro se* appellant's brief must comply with the rules of appellate procedure. We do not, however, agree that appellant's response in this case is a *pro se* appellant's brief within the contemplation of rule 74(f). *See* Tex.R.App. P. 74(f).

In order to proceed *pro se,* an appellant must "knowingly and intelligently" forgo the benefits associated with the right to counsel. *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *see also Ex parte Thomas,* 906 S.W.2d 22, 24 (Tex.Crim.App.1995) (the right of an accused to reject the services of counsel and instead represent himself extends beyond trial and into the appellate process, but it is incumbent upon an accused to clearly and unequivocally inform the court of his desire to prosecute his appeal without the aid of counsel), *cert.*

denied, —— U.S. ——, 116 S.Ct. 2556, 135 L.Ed.2d 1074 (1996); *Hubbard v. State,* 739 S.W.2d 341, 343 (Tex.Crim.App.1987) (if the record does not reflect that an accused clearly and unequivocally informed the court of his desire to prosecute his appeal without the aid of counsel, the appellant does not represent himself in the appeal). An appellant who wishes to proceed *pro se* should be made aware of the dangers and disadvantages of self-representation so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541.

The record in this case does not show that appellant knowingly and intelligently waived the right to counsel. Nor does the record show that appellant was made aware of the dangers and disadvantages of self-representation. Instead, the record shows that appellant was represented by court-appointed counsel on appeal. Appellant's counsel filed a motion to withdraw supported by a brief, typically known as an *Anders* brief, in which he contends that this appeal is frivolous and without merit. We have not yet granted court-appointed counsel's motion to withdraw. *See Johnson v. State,* 885 S.W.2d 641, 647 (Tex.App.—Waco 1994, pet. ref'd) (per curiam) (A court of appeals cannot act on attorney's motion to withdraw before determining whether the appeal is, in fact, frivolous; by granting the motion to withdraw, the court is ruling that the defendant does not have a right to have an attorney represent him on appeal). There is no right to hybrid representation in Texas. *Rudd v. State,* 616 S.W.2d 623, 625 (Tex.Crim.App. [Panel Op.] 1981). Appellant, therefore, does not yet represent himself in this appeal.[2]

In response to his appellate counsel's motion to withdraw, appellant filed a *pro se* response, alleging what he deems to be an arguable point of error. *See Stafford v. State,* 813 S.W.2d 503, 511 & n. 6 (Tex.Crim. App.1991) (holding that an appellant is afforded *an opportunity to respond* to an *Anders* brief, and if arguable grounds are apparent, the court of appeals must then abate the appeal and remand the case to the trial

**2.** We do not consider significant the fact that appellant in his response states that he has no

appellate attorney. The record is clear that at this point he is represented by counsel.

court with orders to *appoint other counsel or allow the appellant to proceed pro se if he so desires.*) For reasons that follow, we hold that appellant's *pro se* response is not a brief within the contemplation of rule 74.

■ Rule 74 of the Texas Rules of Appellate Procedure does not apply to a *pro se* response to an *Anders* brief in support of a motion to withdraw. This is true even if it is characterized as a *pro se* brief. By its terms, rule 74 applies to a brief that *argues* the facts and law. TEX.R.APP. P. 74(f). The purpose of a rule 74 brief is to "acquaint the court with the points relied upon, the manner in which they arose, together with such *argument of facts and law* as will enable the court *to decide the same.*" TEX.R.APP. P. 74(p) (emphasis added).

The purpose of a *pro se* response to an *Anders* brief, on the other hand, is to *raise* sufficiently any points the indigent appellant chooses to bring to the attention of the court and thereby obligate the appellate court to proceed, after a full examination of the record, to determine whether the points raised are wholly frivolous or are arguable on their merits. If the court determines the points are arguable points, it must, *prior to decision*, afford the indigent the assistance of counsel to *argue the appeal. See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *cf. Kindley v. State*, 879 S.W.2d 261, 264 (Tex.App.— Houston [14th Dist.] 1994, no pet.) (holding that a *pro se* appellant, unrepresented by counsel, is not entitled to "special treatment," is held to the same standards as licensed attorneys, and must comply with the briefing rules of TEX.R.APP. P. 74); *Ford v. State*, 870 S.W.2d 155, 158 (Tex.App.—San Antonio 1993, pet. ref'd) (holding that a *pro se* defendant must comply with the rules of evidence and criminal procedure and receives no special consideration by the court). Because the *pro se* response of appellant is not a brief within the contemplation of rule 74(f), the requirements of rule 74 do not apply, and we so hold. Thus, the State's argument under rule 74 that appellant has not preserved this error for review due to improper briefing is without merit.

## Enhancement of Punishment

■ Theft is punishable as a state jail felony if the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft. TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (Vernon Supp.1997). Elevating a misdemeanor theft to a state jail felony theft by use of previous theft convictions does not enhance punishment. *See Moore v. State*, 916 S.W.2d 537, 539 (Tex. App.—Dallas 1995, no pet.). The prior convictions do not constitute enhancement allegations but, rather, are elements of the offense. *Id.*

An individual adjudged guilty of a state jail felony shall be punished for a third-degree felony if it is shown that the individual has previously been finally convicted of any felony listed in section 3g(a)(1), article 42.12 of the code of criminal procedure. TEX. PENAL CODE ANN. § 12.35(c)(2)(A) (Vernon 1994). Murder is a 3g(a)(1) offense. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(A) (Vernon Supp.1997). Further, if it is shown on the trial of a state jail felony punishable as a third-degree felony under section 12.35(c) that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony. TEX. PENAL CODE ANN. § 12.42(a)(3) (Vernon Supp.1997). An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the institutional division for any term of not more than twenty years or less than two years. TEX. PENAL CODE ANN. § 12.33 (Vernon 1994).

■ Appellant's primary theft offense formed the basis for his conviction of a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (Vernon Supp.1997). Appellant's state jail felony conviction following his prior final conviction for murder subjected appellant to specially enhanced third-degree felony punishment. *See* TEX. PENAL CODE ANN. § 12.35(c)(2)(A) (Vernon 1994); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(A) (Vernon Supp.1997). Appellant's prior conviction of possession of a controlled substance generally enhanced the third-degree felony punishment to second-degree felony punishment. *See* TEX. PENAL

Code Ann. § 12.35(c)(2)(A) (Vernon 1994); Tex. Penal Code Ann. § 12.42(a)(3) (Vernon Supp.1997). The trial court sentenced appellant to five years' confinement, a sentence well within the range of punishment for a second-degree felony. *See* Tex. Penal Code Ann. § 12.33 (Vernon 1994). Therefore, the trial court properly specially enhanced appellant's punishment for conviction of a state jail felony to a third-degree felony and further properly generally enhanced that third-degree punishment to second-degree felony punishment.

We have reviewed the record, counsel's brief, and appellant's *pro se* response thereto, and find nothing in the record that might arguably support the appeal. We agree with appellate counsel that the appeal is frivolous and without merit. Appellant's *pro se* response to appellate counsel's motion to withdraw and brief in support thereof does not raise an arguable point of error. We affirm the trial court's judgment.