TERESA GERHARDT V. THE STATE OF TEXAS







NO. 07-08-0195-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 13, 2008
______________________________

TERESA GERHARDT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 14375-0203; HONORABLE ED SELF, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER
          Appellant appeals her conviction for the offense of theft. She has filed a motion
seeking an extension of time in which to file her pro se response to an Anders


 brief filed
by her appointed counsel. We grant appellant's motion.
          Appellant's motion asserts that she needs an extension of 30 days because she has
been unable to discuss the appeal with her appointed counsel and because she now
desires to retain appellate counsel to file her "brief." 
          Appellant seems to believe that her appointed counsel has already withdrawn from
the appeal. However, until appellant's appointed counsel is permitted to withdraw, he 
remains the attorney of record. Escobar v. State, 134 S.W.3d 338, 339 (Tex.App.–Amarillo
2003, no pet.). We will not rule on the motion to withdraw until we have independently
examined the record. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997,
no pet.). 
          Because an appellant is not entitled to hybrid representation, that is, both to be
represented by counsel and appear pro se, the response to an Anders brief filed by
appointed counsel is not a brief and need not satisfy the rules applicable to appellate
briefs. Henry v. State, 948 S.W.2d 338, 340 (Tex.App.–Dallas 1997, no pet.); Wilson v.
State, 955 S.W.2d 693, 696 (Tex.App.–Waco 1997, no pet.). The purpose of a pro se
response to an Anders brief is not to present an argument on which the court will decide
the case, but is to raise any points the indigent appellant chooses to bring to the attention
of the court for it to determine whether the points raised are wholly frivolous or are arguable
on their merits. Henry, 948 S.W.2d at 341. If, after reviewing the record, the Anders brief
submitted by appellant's counsel, and any response appellant may file, this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).
 
          We grant appellant’s motion for extension of time to file pro se response. The due
date for any response to her counsel's Anders brief that appellant wishes to file in this
appeal is extended to September 5, 2008.
 
 
                                                                               Per Curiam
Publish. 



it56">to the trial court's determination of facts, particularly
when the trial court's findings turn on an evaluation of the credibility and demeanor of the
witnesses. See Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). We apply the
same deference in reviewing the trial court's rulings on mixed questions of law and fact to
the extent that the rulings turn upon a similar credibility evaluation. Id. If a mixed question
of law and fact does not turn on a witness's credibility and demeanor, however, we review
the trial court's determination de novo. Id. When the trial court has not made a finding on a relevant fact, we imply the finding
that supports the trial court's ruling, so long as it finds some support in the record. See
State v. Kelly, 204 S.W.3d 808, 818-19 (Tex.Crim.App. 2006); see also Moran v. State,
213 S.W.3d 917, 922 (Tex.Crim.App. 2007). We will uphold the trial court's ruling if it is
reasonably supported by the record and is correct under any theory of law applicable to the
case. State v. Dixon, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006). 
Law and Analysis
          In this cause, the trial court entered findings of fact and conclusions of law. 
Specifically, the trial court found that 
1. Officer Roberts stated that he observed [appellee] and another individual
walking in the street.
2. As he [Officer Roberts] approached the individuals, Officer Roberts stated
[appellee] reached into his pocket and threw something to the ground.
3. Officer Roberts then found object [appellee] had dropped, and he testified
it was broken pieces of what appeared to be a crack pipe.
4. The officer’s only reason for approaching these two individuals was that
they were jaywalking.
 
          Although the trial court then made a conclusion of law regarding the sufficiency of
the evidence to support a conviction for tampering with physical evidence, the trial court
did not make a conclusion of law regarding the legality of the initial stop. The only relevant
conclusion of law made by the trial court is that “[j]aywalking is a violation of the law
(Section 552.006 of the Transportation Code).”
          From the trial court’s findings, and giving deference to the trial court, we conclude
the trial court found that the police officer made the stop based on violation of section
552.006 of the Texas Transportation Code. Although appellee raised the possibility that
appellee did not violate section 552.006 because appellee was crossing the street rather
than walking in the street, the trial court made no such finding.


 In reviewing the record,
we defer to the trial court's determination of facts, particularly when the trial court's findings
turn on an evaluation of the credibility and demeanor of the witnesses. See Guzman, 955
S.W.2d at 89. With these trial court findings, will now review the trial court’s conclusions
of law de novo. Id.
          Since Roberts observed a violation of the law, Roberts had sufficient reasonable
suspicion to initiate an encounter and, therefore, performed a legal stop. See Ford v. State,
158 S.W.3d 488, 492-94 (Tex.Crim.App. 2005) (objective standard rather than the
subjective intent of the officer is used to determine the legality of a stop). As long as an
actual violation occurred, law enforcement officials are free to enforce the laws and detain
a person for that violation regardless of the officer's subjective reason for the detention. 
See Garcia v. State, 827 S.W.2d 937, 943-44 (Tex.Crim.App. 1992). Having deferred to
the trial court’s finding that the facts supported a finding that appellee had violated the law,
we conclude that it was improper for the trial court to suppress evidence discovered during
the legal encounter initiated after Roberts observed a violation of a traffic law.
 
 
          For the foregoing reasons, we reverse and remand to the trial court for further
proceedings consistent with this ruling.
 
                                                                           Mackey K. Hancock

                                   Justice

 
 
 
Do not publish.