NO. 07-09-0062-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 24, 2009
______________________________

ROBERT LOPEZ, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;

NO. 4363; HONORABLE WILLIAM P. SMITH, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER
          Appellant appeals his convictions for the offenses of aggravated robbery and
burglary of a habitation. He has filed a letter requesting this Court appoint new counsel for
his appeal after his appointed counsel has filed Anders


 brief and a motion to withdraw. 
We deny appellant's motion.
          Appellant seems to believe that his appointed counsel has already withdrawn from
the appeal or that, by filing an Anders brief and motion to withdraw, that counsel is not
representing appellant in his appeal. However, until appellant's appointed counsel is
permitted to withdraw, he remains the attorney of record. Escobar v. State, 134 S.W.3d
338, 339 (Tex.App.–Amarillo 2003, no pet.). We will not rule on the motion to withdraw
until we have independently examined the record. Nichols v. State, 954 S.W.2d 83, 86
(Tex.App.–San Antonio 1997, no pet.). 
          Appellant is entitled to file a pro se response to counsel’s Anders brief and motion
to withdraw. Any response is currently due on or before June 25, 2009. However,
because an appellant is not entitled to hybrid representation, that is, both to be represented
by counsel and appear pro se, the response to an Anders brief filed by appointed counsel
is not a brief and need not satisfy the rules applicable to appellate briefs. Henry v. State,
948 S.W.2d 338, 340 (Tex.App.–Dallas 1997, no pet.); Wilson v. State, 955 S.W.2d 693,
696 (Tex.App.–Waco 1997, no pet.). The purpose of a pro se response to an Anders brief
is not to present an argument on which the Court will decide the case, but to raise any
points the indigent appellant chooses to bring to the attention of the court for it to determine
whether the appeal is wholly frivolous or there are issues which are arguable on their
merits. Henry, 948 S.W.2d at 341. If, after reviewing the record, the Anders brief
submitted by appellant's counsel, and any response appellant may file, this Court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).
 
 
          We deny appellant’s request for appointment of new counsel for appeal.
 
                                                                               Per Curiam
Do not publish.