

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00430-CR
_____

IN RE HECTOR MADRID, RELATOR

_____

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF HABEAS CORPUS

_____

January 6, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is Hector Madrid's petition for "Writ of Habeas Corpus" in which he contends he has been illegally detained under article 19.07 of the Code of Criminal Procedure.  Though rather cryptic, he appears to be attacking his conviction. The nature and date of that potential conviction is not mentioned in the document or any appendage to it.  Instead, he attached an exhibit "A," which appears to be a copy of an indictment.   Whether his conviction arose from or encompasses the allegations contained in exhibit "A" is unknown.  We deny the petition for several reasons.

First, Madrid, who is an inmate, sought to proceed without paying costs. Consequently, we directed him to comply with Chapter 14 of the Civil Practice and Remedies Code and file an affidavit of indigence or unsworn statement of inability to

pay, an affidavit related to his previous filings, and a certified copy of his inmate trust account or his lawsuit would be subject to dismissal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001 *et seq.* (West 2002 & West Supp. 2014) (specifying various requirements that must be satisfied by an inmate seeking to pursue an action without paying costs). In his response, Madrid stated "I am indigent to make any payment to this court" and filed a non-certified copy of his inmate trust account. No affidavit related to previous filings was provided.

At first blush, one may question whether the mandates encompassed within Chapter 14 of the Civil Practice and Remedies Code apply to an application for writ of habeas corpus implicating a criminal conviction. Yet, the legislature specified that the statute "applies only to an action, including an appeal or *original proceeding*, brought by an inmate in . . . *an appellate court*, including the supreme court or the court of criminal appeals . . ." when the inmate indicates an inability to pay costs. *Id.* § 14.002 (West Supp. 2014) (Emphasis added). Should one combine the statute's expressed reference to original proceedings filed in appellate courts, including the court of criminal appeals, with the observation that the court of criminal appeals generally entertains only criminal (as opposed to civil) matters,[1] he could logically deduce legislative intent for the statute to encompass more than simply civil disputes. Furthermore, other courts have held the Chapter 14 requirements applicable to petitions for writs of habeas corpus sought by purportedly indigent inmates. *See e.g., Washington v. Johnson*, No. 14-99-01426-CV, 2001 Tex. App. LEXIS 2886, at *3-4 (Tex. App—Houston [14th Dist.] May 3, 2001, no

---

[1] Per article 4.04, § 2 of the Texas Code of Criminal Procedure, "The Court of Criminal Appeals shall have, and is hereby given, final appellate and review jurisdiction in criminal cases coextensive with the limits of the state, and its determinations shall be final." TEX. CODE CRIM. PROC. ANN. art. 4.04, §2 (West 2005).

pet.) (not designated for publication) (a petition for habeas relief involving the loss of good time credit); *Ex parte Benavides*, 801 S.W.2d 535, 536 (Tex. App.—Houston [1st Dist.] 1990, writ dism'd w.o.j.) (applying Chapter 13, the predecessor of Chapter 14). Given this, we apply Chapter 14 to the pending application for writ of habeas corpus, and upon doing so, note Madrid's failure to accompany his request with an affidavit related to his previous lawsuits. The obligation to provide same was and is mandatory. Neglecting to provide it is grounds for dismissal of the lawsuit. *Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also In re Anthony G. Hereford, Jr.,* No. 07-14-00348-CV, 2014 Tex. App. LEXIS 11521, at *1-2 (Tex. App.—Amarillo October 17, 2014, orig. proceeding) (holding that the failure to comply with Chapter 14 subjected the mandamus proceeding to dismissal).

Second, one initiating an original proceeding with us for a writ of habeas corpus must comply with Texas Rule of Appellate Procedure 52. The latter addresses both the form and content of the petition. *See* TEX R. APP. P. 52.3. Few if any of the requirements specified therein were met here. For instance, Madrid did not accompany his petition with a table of contents, an index of authorities, a statement of the case, a statement of jurisdiction, a description of the issues, a statement of facts, and the like. Those are required by Rule 52.3. Nor did he certify that he reviewed the petition and concluded that every factual allegation in it is supported by competent evidence, as required by Rule 52.3(j). Similarly missing is an appendix as contemplated by Rule 52.3(k). And, most importantly, he provided us with neither argument nor authority illustrating that he may be entitled to relief, as mandated by Rule 52.3(h). It is not our obligation to devise argument and uncover authority for him. And, that he may be an

3

inmate acting *pro se* does not relieve him from the duty to comply with the rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Henry v. State*, 948 S.W.2d 338, 340 (Tex. App.—Dallas 1997, no pet.).

Accordingly, we dismiss Madrid's petition for a writ of habeas corpus.

Per Curiam

Do not publish.