RECEIVED IN
The Court of Appeals
Sixth District

MAR 2 6 2015

Texarkana, Texas
Debra Autrey, Clerk

IN THE COURT OF APPEALS

SIXTH DISTRICT

TEXARKANA,TEXAS

FILED IN
The Court of Appeals
Sixth District

MAR 2 6 2015

Texarkana, Texas
Debra K. Autrey, Clerk

MARK ANTHONY YOUNG,
        APPELLANT,

V.

THE STATE OF TEXAS,
        APPELLEE,

No. 06-14-00086-CR

APPEAL IN CAUSE NUMBER 29,236
IN THE 354th JUDICIAL DISTRICT
COURT OF HUNT COUNTY,TEXAS.

HONORABLE RICHARD A. BEACOME JR.

***************** RESPONSE TO 'ANDERS' BRIEF *****************

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now MARK ANTHONY YOUNG,Appellant,pro se and in forma pauperis and submits this RESPONSE to 'Anders' brief filed by appellate attorney Jason A. Duff.

## STATEMENT OF THE CASE

This appeal is from the judgment and sentence in a criminal case from the 354th Judicial District,in Hunt County,Texas.Appellant was found guilty and assessed a sentence of 50 years in TDCJ on May 1,2014 by the Hon. Richard A. Beacom,Jr. Appellate attorny, Jason A. Duff,filed an 'Anders' brief in this cause on January 12,2015,appellant's pro se response was due on February 17,2015. Appellant filed a motion for extension of time to file response, which was granted on February 10,2015,making the new deadline for filing a response March 19,2015. On February 11,2015 this Court granted appellant the opportunity to review the entire file,including a digital copy (DVD) of a surveillance video played at trial, On February 18,2015, appellant filed his second motion for extension of time,due to a lock down at the unit and the new evidence that was discovered on the (DVD). Appellant does however file his response to the 'Anders' brief on March 19,2015.

---

****************SPECIAL STATEMENT TO THE COURT****************

Appointed attorney on appeal Jason A. Duff, claims he
"diligently reviewed the entire record and the law applicable
thereto, and,in his opinion the appeal is without merit and
wholly frivolous".

Appellant will briefly and respectfully point out Mr. Duff's
apparent definition of diligence.Appellant does belive that this
mistake,is just that,a mistake.However,if Mr. Duff's dilligence
is lacking on something this simple,this Court can not say Mr.
Duff was diligent in his "review" of the "entire record".

In Mr. Duff's certificate of counsel he claims he was appointed
on this appeal "(for Jessica Nance)". He then claims "(She)" has
diligently reviewed the entire record".

Mr. Duff later in his 'special statement to the Court' claims
"(She)" was represented by competent counsel...

Appellant only brings Mr. Duff's diligence into question because
of the evidence appelant discovered reviewing the "record".
Appellant will elaborate more on this in his response.

---

**YOUNG'S RESPONSE**      page      3

## STATEMENT OF THE FACTS

·On May 16,2013 an assailant robbed the Circle G convenience store in Greenville Texas (RR 6 p.9-11).[1] Carolina Ali testified the assailant pointed a gun at her,which caused her fear. At trial a video was introduced that shows a person that robbed the store. However,the part of the video that was played did not show the persons face.(State's video Exhibit 1 4:55).

Originally appellant plead guilty to the robbery.(RR 4 p.5), and waived a jury trial (RR 4 p.5).

In a later hearing the trial court rejected appellants plea, because appellant stated he did not do the crime.(RR 5 p. 3-4).

Appellant indicated that he did not feel he was geting help from his trial attorney (RR 3 p. 9). Appellant thought he was doing what his attorney wanted him to do by pleading guilty (RR 3 p. 9).

The trial court found appellant guilty and gave a 50 year sentence in TDCJ.(RR 6 p. 98).

---

1 RR stands for Reporters Record followed by volume number then page number.

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*ARGUABLE POINTS FOR APPEAL\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**POINT ONE:** INEFFECTIVE ASSISTANCE OF COUNSEL

| FAILER TO INVESTIGATE |

TRIAL COUNSEL FAILED TO REVIEW THE SURVEILLANCE
VIDEO FROM THE CIRCLE G CONVENIENCE STORE, IN ITS
ENTIRETY, WHICH SHOWS A CLEAR PICTURE OF TEH ASS-
AILANT'S LOWER FACE, REVEALING ALL HIS WHITE
TEETH.

**POINT TWO:** PROSECUTORIAL MISCONDUCT

| WITHHOLDING BRADY MATERIAL |

PROSECUTOR PORPOSELY STOPED THE SURVEILLANCE VIDEO
AT TRIAL, TO WITHHOLD FROM THE FACT FINDER THAT
SOMEONE OTHER THAN APPELLANT COMMITTED THE ROBBERY.

**POINT THREE:** ACTUAL INNOCENCE

| ACTUAL INNOCENCE |

BECAUSE A SURVEILLANCE VIDEO SHOWS SOMEONE
OTHER THAN APPELLANT COMMITTING THE ROBBERY
APPELLANT IS ACTUALY INNOCENT OF THE CRIME.

**POINT FOUR:** LEGAL SUFFICIENCY

| LEGAL SUFFICIENCY |

THE EVIDENCE IS LEGALLY INSUFFICIENT TO
SUPPORT THE CONVICTION.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***ANDERS BRIEF**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

```
* * * * * * * * * * * * * *
*                        *
*  LEGAL REVIEW          *
*                        *
* * * * * * * * * * * * * *
```

After attorney files proper Anders brief and defendant is afforded opportunity to respond,Court of Appeals,not attorney,must conduct its own investigation of the recored to discover whether there are arguable  grounds for relief and,if grounds are deemed arguable,Court must abate appeal and remand case to trial court with orders to appoint other counsel to present those and any other grounds that might support appeal;counsel filing frivolous brief must be allowed to withdraw. Wilson v. State, 955 S.W. 2d 693, (Tex.App.-Waco 1997). See also U.S.Const. Amend. 6.

The Dallas Court of Appeals hold "the purpose of a pro se response to an Anders Brief,is to raise sufficiently any point the indigent appellant choses to bring to the attention of the Court and thereby obligate the appellate Court to proceed, after a full examination of the recore,to determine whether the points raised are wholly frivelous or are arguable on their merits. If the Court determines the points are arguable points,it must, prior to decision,afford the indigent the assistance of counsel to argue the appeal.Because the pro se response of appellant is not a brief with in the contempation of rule74(f),the requirements of rule 74 do not apply,and we so hold". Henry v. State, 948 S.W. 2d 338,340 (Tex.App.-Dallas 1991 no pet). The response should identify for the Court those issues which the indigent appellant 'believes' the Court should consider in deciding whether the case

---

YOUNG'S RESPONSE          page      6

presents any meritorious issues. Henry, 948 S.W. 2d at 341.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*RIGHT TO APPEAL\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

```
*******************
*                 *
* LEGAL REVIEW    *
*                 *
*******************
```
Under Code of Criminal Procedure Art. 1.0051, (Right to Representation by Counsel),(d)(1), "on appeal to the Court of Appeals".

The Courts have explained that while a defendant in a criminal case does not have a constitutional right to appeal,the right of appeal is derived from statute,by enactment by congress and state legislatures,therefore,the right of appeal is derived from the equal protection and due process clauses of the United States Constitution; accordingly,it follows that a defendant in a criminal accusation,throught the due process and equal protection clauses, has a right to appeal and therefore,the effective assistance of counsel on appeal.

In Denson v. Ohio, 109 S.Ct. 346 at 352,488 U.S. 75,85 (1988), asserted,that the "...need for forceful advocacy does not halt as the legal proceeding moves from trial to appeal.Both stages of the prosecution,although perhaps involving unique legal skills,require careful advocacy to ensure that rights are not fore gone and that substantial factual and legal arguments are not inadvertantly passed over.Further,In Evitts v. Lucey, 469 U.S. 387,105 S.Ct. 830,83 L.Ed 2 821 (1985),the Court opinioned that,"in bringing

---

an appeal as of right from his conviction,a criminal defendant is attempting to demonstrate the conviction with its consequent drastic loss of liberty is unlawful.

## -POINT ONE

## INEFFECTIVE ASSISTANCE OF COUNSEL

```
*******************
*                 *
*  LEGAL STANDARD  *
*                 *
*******************
```

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective asistance of counsel. U.S. Const. Amend. VI. A appellant who seeks to overturn his conviction on the ground of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. James v. Cain, 56 F.3d 662,667 (5th Cir. 1995).

Appellant must show that "counsel's representation fell bellow an objective standard of reasonableness,"with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. Strickland V. Washington, 466 U.S. 668,688, 104 S.Ct. 2052, 2065,80 L.Ed 2d 864 (1984). The standard requires the reviewing court to give great deferance to counsel's preformance,strongly presuming counsel exercised reasonable processional judgment.Id. at 690. A criminal defendant is entitled to reasonably effective assistance. Boyd v. Estelle, 661 F.2d 288,289 (5th Cir. 1981);Rubio V. Estelle, 689 F.2d 533,535 (5th Cir. 1982);Murray v. Maggio, 736 F.2d 279 (5th Cir. 1984).Secondly,the appellant

"must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the out come" Strickland, 466 U.S. at 694.

## POINT ONE
## FAILER TO INVESTIGATE

**TRIAL EVIDENCE:**

Trial counsel, Chris Castanon, failed to review the surveillance video fromthe Circle G Convenience store, in its entirety, which shows a clear picture of the assailant's lower face, revealing all his white teeth.

One of the essential elements of this case is outlined under Tex.Pen.Code ANN §29.03(a)(2), "uses or exhibits a deadly weapon". (Vernon 2003).

In this case the victim Carolina Ali (Ali), testified at trial appellant pointed a gun at her, (RR 6 p.13-15). Appellant made her put the stores money in his plastice bag, (RR 6 p.13-15). Ali identified appellant as the assailant who robbed her using a gun. (RR 6 p.15-16). Ali was the only person at the store at the time of the robbery. (RR 6 p. 8) and therefore, the only eye witness/ evidence the state had against appellant. Ali later made the determination that she could identigy appellant after she examined a series of photographs provided to her by the police. (RR 6 p.21-22). Ali stated she was able to see the assailants eyes, nose, mouth, ears and forehead. (RR 6 p. 25). Ali claimed she was 99 precent

sure she knew the assailant and picked appellant out of a lineup. (RR 6 p. 32). However,Ali on cross examination claimed she was sure she had never watched the video surveillance from the day of the reobbery.(RR 6 p. 28),but on direct she claimed she and the state's attorney looked at the video.

At trial a video was introduced that shows a person (not app-ellant) entering the victim's convenient store carrying a hand gun.(State's Exhibit 1 at 4:55). The state stoped the video playing before the end of the robbery,therefore,the factfinder did not get to see the face of the person holding the gun and robbing the store.Trial counsel also had this video and did not review it completely or just conspired with the state to get a conviction. Agter this Court gave appellant access to the (DVD) appellant and TDCJ staff, Tami Beard and Krystal Taylor,reviewed the video completely,were they witnessed the assailant smile at Ali at the ending of the video. The smile shows assailant has all his teeth and were very white.(appellant does not have all his complete teeth). Had trial counsel fully investigated the video,it would have shown appellant was innocent at trial.

Moreover,Ali testifyed the appellant was a repeat customer (RR 6 p. 16) she recognized him as he walked in to rob her (RR 6 p. 16),appellant came back three days after the robbery (RR 6 p. 17),and ninety five percent of there customers are African American.(RR 6 p. 24). No video was shown at trial,were it captured appellant before the robbery,during the robbery or

three days after the robbery,as Ali claims. The line up

The line up,appellant does not make this a point of error on it's own,but he could because it was very suggestive,he only makes this claim to show the problem of trial counsel's failure to investigate the video.

Mrs. Ali stated appellant was a customer.(RR 6 p. 16).Mrs. Mukhida (daughter) stated appellant is a customer.(RR 6 p.44).Mr. Mukhida stated appellant was in the store too many times to give a specifice number.(RR 6 p.50),and that appellant was such a good customer that he gave appellant a credit line at the store.(RR 6 p. 50-52). The only customer in the police line up was the appellant,who was a repeat customer with a credit line at the store.This should call into queston if Mrs. Ali,remembered appellant as the assailant or as her husband stated a good paying customer with a credit line at his store.

Trial counsel had in his possession the video that proves appellant was not the assailant,in which would contradict Ali's testimony and the police line up,and did not investigate it fully and present it to the fact finder.

Adefendant is entitled to have trial counsel present critical corroborative defense evidence.Holms V. S.Carolina, 547 U.S 319 324 (2000);Davis v. Alaska, 414 U.S. 308,317 (1974) Bryant v. Scott, 28 F. 3d 1411,1415 (5th Cir. 1994). The Supreme Court in Davis, has made clear that the erroneous exclusion of critical corrobora-tive defense evidence may violate both the Fifth Amendmant due process right to a fair trial and the Sixth Amendment right to

present a defense.Appellant has meet both prejudice and perfor-

mance prongs of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Because applicant is not the assailant on the video (DVD), a reas-

onable jurist could differ from the state courts finding of guilt.

### POINT TWO

### PROSECUTORIAL MISCONDUCT

```
*****************
*               *
*  LEGAL REVIEW  *
*               *
*****************
```

In determining whether evidence that the gov-

ernment failed to disclose to defendant satisfied "materiality"

test of Brady,question is not whether defendant would more likely

than not have received a different verdict with evidence,but

whether in it's absence he received a "fair Trial",reasonable

probability of a defferent result is accordingly shown when

government's evidentiary suppression undermines confidence in

the outcome of trial U.S.C.A. Cont. Amend. 5. <u>Brady v. Maryland,</u>

373 U.S. 83,83 S.Ct. 1194,1196, 10 L.Ed 2d 215 (1963). In <u>United</u>

<u>States v. Agnus</u>, 427 U.S. 97,96, S.Ct. 2392,49 L.Ed 2d 342 (1976),

it became clear that even a defendant's failure to request fav-

orable evidence did not leave the state free of all obligation

to disclose exculpatory evidence.

### POINT TWO
### WHITHHOLDING BRADY MATERIAL

**TRIAL EVIDENCE**

The prosecutor purposely stoped the surveillance

video at trial,to withhold from the fact finder and trial counsel

**YOUNG'S RESPONSE**     page     12

that someone other than the appellant committed the robbery.

The state claims that and Mrs. Ali reviewed the video (RR 6 p. 9-10),therefore,the state knew the ending of the video and withheld it at trial.

## POINT THREE
## ACTUAL INNOCENCE

### ACTUAL INNOCENCE

Because a surveillance video shows someone other than appellant committing the robbery,appellant is actually innocent of the robbery.

## POINT FOUR

### LEGAL SUFFICIENCY

```
********************
*                  *
*  LEGAL REVIEW    *
*                  *
********************
```

When reviewing the sufficiency of evidence under Article 38.14,courts decide whether the inculpatory evidence tends to connect the accused to the commission of the offense. Brown v. State, 672 S.W. 2d 487,488 (Tex.Crim.App. 1984). The sufficiency of evidence is judged according to the particular facts and circumstances of each case. Ree v. State,744 S.W. 2d 112,126 (Tex.Crim.App. 1088) The direct or circumstantial evidence is sufficient corroboration if it shows that rational jurors could have found that it sufficiently tended to connect the accused to the offense. Id.

### TRIAL EVIDENCE

The stat's direct and only evidence came from

Mrs. Ali's testimony,nothing outsind of that testimony,connected appellant to the robbery.

Other evidence,such as the (DVD) or the police line up,merely prove that someone robbed Mrs. Ali and the only person in the line up,she knew was appellant because he was a customer.

Absent such corrobotation testimony sufficient to support the state's allegations,this Court should order an aquittal,under state laww..."if the stat fails to prove any evidence connecting the defendant to the offense,then the defendant is entitled to an aquittal on appeal. Taylor v. State,, 10 S.W. 3d 673,685 (Tex. Crim.App 2000)(citing Tex.Code. Crim. Proc. art. 3817; Munoz v. state, 853 S.W. 2d 558,559-560 (Tex.Crim.App. 1993)).

Courts no longer review factual sufficiency of the evidence to support a defendant's affirmative defense.Durand v. State, 881 S.W. 2d 569,571 (Tex.App.-Houston[1st Dist] 1994,no pet. Agravated robbery with a deadly weapon requires a showing of a deadly weapon, Tex. Penal Code § 29.03(a)(2). The video from the store did not show appellant with a gun,infact it did not show appellant at all.

An attorney must engage in a reasonable amount of pretrial investigation and at a minimum...make a independant investigation of the facts and circumstances in the case. Nealey v. Cabana, 764 F. 2d 1173,1177 (5th Cir.1985).

If the above points of error are deemed arguable,this Court must abate the appeal and remand case to trial court with orders to appoint other counsel to present these grounds.If this Court

does not agree with appellant's points of error, the Court can and should review the entire record for any other ground that might support an appeal.

## SUMMARY

The appellant disagrees with ALL of appellat attorney's grounds for filing of a Anders brief, except the facts that are supported by the record.

*************** **CONCLUSION AND PRAYER FOR RELIEF** ***************

WHEREFORE, PREMISES CONSIDERED, appellant believes that there are arguable points of error in the record. Appellant prays that this Honorable Court will **REMAND** this case back to trial court for appointment of counsel to file qppeal. He further prays that this Court will **GRANT** counsel's motion to withdraw. Appellant also prays that this Court **GRANT** any and ALL relief to him that the Court deems fair and appropriate by law.

## CERTIFICATE OF SERVICE

I hereby certify that a true a correct copy of the above and foregoing instrument was mailed to the Sixth Court of Appeals, Texarkana, Texas and to the Hunt County District Attorney Noble D. Walker, on this the 19th day of March, 2015, by U.S. mail.

_Mark Young_
Mark Anthony Young
APPELLANT

YOUNG'S RESPONSE        page  15

## INMATE DECLARATION

I, MARK ANTHONY YOUNG, TDCJ # 1929961, currently incarcerated in the Texas Department of Criminal Justice at the Michael Unit in Tennessee Colony, Texas, do solemnly swear under the penalties of perjury that the foregoing response is true and correct to the beat of my knowledge. I further state the enclosed information is true and correct.

**EXECUTED ON THIS THE 19TH DAY OF MARCH 2015.**

Mark Anthony Young
TDCJ # 1929961
Michael Unit
2664 FM 2054
Tennessee Colony, Tx, 75886

APPELLANT

PRO SE