**Affirm and Opinion Filed August 19, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01309-CR**

**KAYLENE BOWENWRIGHT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1776856-M**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

### I. BACKGROUND

This is an appeal of the judgment and sentence in a single criminal conviction.

Appellant was indicted for intentional or knowing injury to a child under Texas

Penal Code § 22.04(e). Appellant pled guilty and waived trial by jury. The trial court

accepted appellant's guilty plea and proceeded to the punishment phase. After

hearing evidence from the State and appellant, the trial court (i) found appellant

guilty of the offense of injury to a child as charged and (ii) assessed appellant's

punishment at six years' confinement.

This appeal followed. The trial court appointed appellate counsel for appellant, and he filed an *Anders* brief explaining his determination "that this appeal is wholly frivolous and without merit." Thereafter, appellant filed a *pro se* response.

## II.  *ANDERS* BRIEF

An *Anders* brief is a brief filed in support of an appointed attorney's motion to withdraw from an appeal that the attorney has concluded, after conscientious examination of the entire record, is a frivolous appeal. *Anders v. California*, 386 U.S. 738, 744 (1967); *see Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Underlying the *Anders* procedure is the constitutional requirement of substantial equality and fair process, which can only be attained if appellate counsel acts in the role of an active advocate in behalf of her client. *See Anders*, 386 U.S. at 755. Ultimately, an appropriate *Anders* brief provides the court of appeals with an assurance of integrity in the criminal proceedings in the trial courts that the court of appeals supervises. In many ways, an *Anders* brief is an audit of the trial court's disposition.

To that end, an *Anders* brief must "discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). In addition to setting out an attorney's due diligence investigation

–2–

on behalf of the client, the *Anders* brief has an additional use for an appellate court, providing it "with a roadmap for their review of the record because the court itself must be assured that the attorney has made a legally correct determination that the appeal is frivolous." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

## III.  DISCUSSION

Appointed counsel filed a separate motion to withdraw. Appointed counsel's *Anders* brief and motion to withdraw reference that he forwarded a copy of (i) the *Anders* brief, (ii) the motion to withdraw, and (iii) a copy of the trial court's record to appellant. Appointed counsel's motion to withdraw and *Anders* brief do not advise appellant of her *pro se* right to seek discretionary review with the Texas Court of Criminal Appeals, if we declared her appeal was frivolous. Appointed counsel must provide such notice to the defendant.[1]

By letter dated July 23, 2020, we advised appellant of her right to file a *pro se* response by September 1, 2020, and failure to file a *pro se* response by that date would result in the case being submitted on the brief filed by appointed appellate counsel. We further advised appellant of her *pro se* right to seek discretionary review with the Texas Court of Criminal Appeals if we declared her appeal was frivolous.

---

[1] Appointed counsel's motion to withdraw references a separate letter sent to appellant "explaining his [sic] rights under *Anders/Garner/Kelly*, including a motion for extension of time to file his [sic] own brief and the requisite certificates that should be included at the conclusion of any brief he chooses to file." However, we found no such letter attached to appointed counsel's motion to withdraw.

After extensions of time, appellant filed her *pro se* response, which asserted two "Grounds of Review" reproduced verbatim as follows:

1) Was the Appellant ever diagnosed with Muchausen [sic] by Proxy? refer page 109-141

2) Ineffective Counsel
   The Appellant was not properly represented during the entire process. Appellant did not pay counsel the case was taken on pro-bono.

   The Texas Court of Criminal Appeals provides:

   > When faced with an Anders brief and if a later *pro se* brief is filed, the court of appeals has two choices. It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. *Anders*, 386 U.S. at 744, 87 S. Ct. 1396. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Stafford*, 813 S.W.2d at 511. Only after the issues have been briefed by new counsel may the court of appeals address the merits of the issues raised. *Id.* at 509–10 (quoting *Anders*, 386 U.S. at 744, 87 S. Ct. 1396).

*Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).[2]

Appointed counsel's brief meets all of the requirements of *Anders* in that it presents a professional evaluation of the record showing why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d at 406 n.9 ("In

---

[2] Our Court has further addressed a pro se response to an Anders brief:

> The purpose of a *pro se* response to an *Anders* brief, on the other hand, is to *raise* sufficiently any points the indigent appellant chooses to bring to the attention of the court and thereby obligate the appellate court to proceed, after a full examination of the record, to determine whether the points raised are wholly frivolous or are arguable on their merits. If the court determines the points are arguable points, it must, *prior to decision,* afford the indigent the assistance of counsel to *argue the appeal.*

*Henry v. State*, 948 S.W.2d 338, 341 (Tex. App.—Dallas 1997, no pet.) (emphasis in original).

—4—

Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). In compliance with *High*, appointed counsel discussed why, under controlling authority, there were no reversible errors in the trial court's judgment. 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978).[3]

When an appellate court receives an *Anders* brief from an appellant's court-appointed counsel asserting that no arguable grounds for appeal exist, we must determine the issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744 (emphasizing that the reviewing court, and not appointed counsel, determines, after full examination of proceedings, whether the case is "wholly frivolous"); *see Crowe v. State*, 595 S.W.3d 317, 318–19 (Tex. App.—Dallas 2020, no pet.). We have thoroughly reviewed the record and have

---

[3] Appointed counsel identified and addressed several potential points of error in his briefing, showing ultimately that there was no error or no preservation of error, respectively. Appointed counsel further addressed whether such potential error was harmful or not harmful. We take this opportunity to note that whether error is harmful or not harmful is a separate question from frivolity—that is, whether the trial court violated a procedural rule, which may or may not be harmful, is not a frivolous argument.

> We acknowledge that
>
> [n]either the State nor appellant must demonstrate harm when [a non-constitutional] error has occurred. Rather, it is the appellate court's duty to assess harm after a proper review of the record. . . . . It is ultimately the responsibility of the reviewing court to determine whether the record supports or negates the defendant's assertion of harm.

*Burnett v. State*, 88 S.W.3d 633, 639 (Tex. Crim. App. 2002) (internal citations, quotations, and footnotes omitted). Even though it is our responsibility to determine harm, we do not prohibit or discourage the parties' discussion of harm on appeal. Indeed, we encourage the parties to advocate in their briefing as to why a point of error was harmful or was not harmful. Argument from both the appellant and the State assist our Court in assessing our decision. *See generally* Tex. R. App. P. 38.1–.9 (enumerating the requisites of appellate briefs).

found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Accordingly, we agree with appointed counsel's assessment that the appeal is frivolous and without merit.

## IV.   CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. Appointed counsel's motion to withdraw is granted.

<br>

|  | /Bill Pedersen, III// |
| --- | --- |
| 191309f.p05 | BILL PEDERSEN, III<br>JUSTICE |



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KAYLENE BOWENWRIGHT,
Appellant

No. 05-19-01309-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1776856-M.
Opinion delivered by Justice
Pedersen, III. Justices Osborne and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 19th day of August, 2021.