

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00109-CR

_____

DONALD BERFORD JOHNSON III, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1695457

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

The State indicted Appellant Donald Berford Johnson III for the third-degree felony offense of indecency with a child by exposure. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A), (d). The State also alleged that Johnson was a habitual offender with prior felony convictions in 2002 and 2005, which, if true, raised Johnson's punishment range to imprisonment for life or for any term of years of not more than ninety-nine or less than twenty-five. *Id.* § 12.42(d). A jury found Johnson guilty of the alleged offense. After finding the habitual offender notice true, the jury assessed Johnson's punishment at thirty-eight years in prison. The trial court sentenced Johnson in accordance with the jury's verdict.

On appeal, Johnson's counsel has filed a motion to withdraw and a supporting brief in which he shows why Johnson's appeal is frivolous. Counsel's motion and brief meet the requirements of *Anders v. California* by professionally evaluating the record and demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel provided Johnson with copies of his brief and motion to withdraw, informed him of his right to file a pro se response, advised him of his right to review the record, and mailed him "the necessary paperwork should [he] wish to write [his] own brief."[1] *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

---

[1]Counsel also advised Johnson of his right to file a petition for discretionary review (PDR), but he misinformed Johnson of where and when to file it. Counsel

On March 21, 2024, Johnson filed a 42-page document entitled "Appellant's First Attempt for an Agreement between the Parties to Disqualify Judge Julie Lugo and Reporter Karen Martinez from any Further Participation in the Proceedings"[2] and an objection to counsel's motion to withdraw.[3]

---

advised Johnson to file any PDR in the court of appeals thirty days after the Texas Court of Criminal Appeals issued its mandate. Regarding where to file a PDR, counsel cites *Ex parte Owens* for the proposition that the PDR should be filed in the court of appeals. 206 S.W.3d 670, 676 (Tex. Crim. App. 2006). But as of 2011, the rules were changed to require PDRs to be filed in the Texas Court of Criminal Appeals. Tex. R. App. P. 68.3 cmt. The time to file a PDR is "within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." *See* Tex. R. App. P. 68.2(a). Nevertheless, within five days after we hand down our opinion in this case, counsel is required to "send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68." Tex. R. App. P. 48.4. Accordingly, although counsel initially provided Johnson incorrect information, we have provided Johnson with the correct information here, and we are confident that counsel will comply with Rule 48.4. *See Loza v. State*, No. 02-22-00078-CR, 2023 WL 2926439, at *1 n.1 (Tex. App.—Fort Worth Apr. 13, 2023, no pet.) (mem. op., not designated for publication) (citing *Barner v. State*, No. 02-22-00043-CR, 2023 WL 164088, at *1 n.1 (Tex. App.—Fort Worth Jan. 12, 2023, no pet.) (mem. op., not designated for publication)).

[2]Johnson sought to disqualify the trial judge and the court reporter and supported his argument with the assertion that he had filed complaints against both with the State Commission on Judicial Conduct. He also complained about the prosecutor, against whom he had filed a grievance with the Chief Disciplinary Counsel in Austin. Johnson filed the document with the trial court as well and requested that the trial court bench warrant him back to Tarrant County so that he could litigate these various disputes. Because these collateral proceedings were still pending, Johnson maintained that he could not effectively file a response to counsel's *Anders* brief until after they had been resolved. Johnson's complaints against the trial judge and the court reporter as well as the grievance against the prosecutor are outside the scope of this appeal.

Thereafter, on May 2, the State filed a letter in which it stated that it agreed with appointed counsel that the appeal was frivolous and, therefore, that it would not be filing a formal response.

---

Johnson also maintained that the reporter's record was inaccurate, but he did not provide any examples. When a record error is raised for the first time in the appellate court, the court "may" abate the appeal and refer the matter to the trial court to be resolved. Tex. R. App. P. 34.6(e)(3); *Barnes v. State*, No. 12-22-00077-CR, 2023 WL 2766095, at *7 (Tex. App.—Tyler Mar. 31, 2023, no pet.) (mem. op., not designated for publication). If not warranted in a particular case, the appellate court is not required to abate the appeal. *Barnes*, 2023 WL 2766095, at *7; *see Flores v. Grayson Cnty. Cent. Appraisal Dist.*, No. 05-16-00180-CV, 2016 WL 7384161, at *3 (Tex. App.—Dallas Dec. 21, 2016, no pet.) (mem. op.) ("[Appellant] has failed to put forth any argument about how he has been harmed by these alleged inaccuracies or how they might affect our ability to conduct an appellate review."). "A global complaint that the entire record is inaccurate, in light of the procedures used in the profession and in the absence of any specific examples of inaccuracies, is not sufficient for us to conclude that the record is inaccurate." *Routier v. State*, 112 S.W.3d 554, 569 (Tex. Crim. App. 2003).

[3]The bases of Johnson's objection were counsel's failure to advise him of his right to object, *see* Tex. R. App. P. 6.5(a)(4), and counsel's conclusion that his appeal was without merit and wholly frivolous. Counsel did, however, advise Johnson of his right to file a response, and Johnson responded with a 42-page document and an objection. Johnson's response was his opportunity to argue against counsel's conclusion that the appeal was frivolous:

> The purpose of a *pro se* response to an *Anders* brief . . . is to *raise* sufficiently any points the indigent appellant chooses to bring to the attention of the court and thereby obligate the appellate court to proceed, after a full examination of the record, to determine whether the points raised are wholly frivolous or are arguable on their merits. If the court determines the points are arguable points, it must, *prior to decision*, afford the indigent the assistance of counsel to *argue* the appeal.

*Bowenwright v. State*, No. 05-19-01309-CR, 2021 WL 3686607, at *2 n.2 (Tex. App.—Dallas Aug. 19, 2021, no pet.) (mem. op., not designated for publication) (quoting *Henry v. State*, 948 S.W.2d 338, 341 (Tex. App.—Dallas 1997, no pet.)).

Still later, on May 7, Johnson requested additional time to file a response to the *Anders* brief. We granted his motion on May 13 and gave him until June 10 to file his response.

On June 4, Johnson filed with this court two inmate grievance forms. Because these forms did not address his appeal, we did not treat this filing as the response contemplated by the May 13 order.

Johnson did not file a response by June 10. We nevertheless waited an additional ten days in the event a response had been mailed. *See* Tex. R. App. P. 9.2(b)(1) (setting out the parameters of the mailbox rule). No response was received.

After an appellant's court-appointed counsel satisfies the requirements of *Anders* and files a motion to withdraw on the ground that the appeal is frivolous, this court is obligated to undertake an independent examination of the record to see if any arguable ground may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the record, counsel's brief, and Johnson's various filings, we agree with counsel that this appeal is wholly without merit. We have found nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, we overrule Johnson's pro se objection to counsel's motion to withdraw, grant counsel's motion to withdraw, and affirm the trial court's judgment.

*See Hill v. State*, No. 02-21-00184-CR, 2023 WL 3643424, at \*1–2 (Tex. App.—Fort Worth May 25, 2023, no pet.) (mem. op., not designated for publication).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 11, 2024